# Chicago & Eastern Illinois R. R. Co. v. Clara C. Driscoll, Adm'x, etc.

1. RAILROADS—*Care Required of, As to Condition and Place of Cars.*—A railroad company is bound to exercise reasonable diligence to see that its cars are in such condition and place that its employes shall not be exposed to unnecessary danger in working about them.

2. MASTER AND SERVANT—*Right of Servant to Presume that Master Has Done His Duty.*—A servant has a right to presume that his master has done his duty, and that cars about which he (the servant) is required to work are in such condition and place as not to expose him to unnecessary danger.

3. SAME—*Duty to Furnish Safe Machinery Can Not Be Delegated.*—The obligation of a master to use reasonable diligence to have the machinery, appliances, tools and premises, with and on which his servants work, in a safe condition, is one that can not be delegated.

**Trespass on the Case,** for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding. Heard in this court at the March term, 1897. Affirmed. Opinion filed May 6, 1897.

ALBERT M. CROSS, attorney for appellant; W. H. LYFORD and J. B. MANN, of counsel.

JAMES C. McSHANE, attorney for appellee.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

This was an action to recover the pecuniary loss sustained by the next of kin of John Driscoll, a switchman, who was killed in the yard of appellant while working for it.

The deceased belonged to a crew of men engaged in making up out-going freight trains and in breaking up

incoming trains, placing defective cars on stub tracks and distributing them to different points in the yards.

At the termination of one of three stub tracks there was not a butting-post. The night of the accident a car was standing partially on this, one pair of wheels having run off the end and resting on the ground. How this car came to be thus partially off the track is unknown.

A yard master gave directions to pull out the cars standing on this track; the deceased, in the discharge of his duty, was at this time engaged in setting switches; when the car, partially off the track, was pulled along it ran into a car on an adjoining track, and the deceased, being caught between the two, was thrown down and killed.

The accident happened in the evening, after dark.

We do not think that this case turns upon the question of whether it was the duty of appellant to have placed butting-posts upon the stub tracks.

Appellant is chargeable with notice of the condition in which its cars were when it moved them.

Appellant was bound to exercise reasonable diligence to see that its cars were in such condition and place that its employes would not be exposed to unnecessary danger in working about them.

The deceased had a right to presume that appellant had performed such duty. Wood on Master and Servant, Secs. 326, 347, 348, 349, 434; Illinois Steel Co. v. Schymanowski, 162 Ill. 447; Hines Lumber Co. v. Ligas, opinion filed January 21, 1897, 1st Dist. Ill. App.

A little attention would have enabled appellant to know that a car it moved was off the track, and this, whether it had been off some days or only a few moments.

The deceased was not bound to examine as to the condition of the car he was ordered to assist in moving, and there is nothing tending to show that he knew of its dangerous position.

It is contended that the order to pull out the train containing the car off the track, was given by a fellow-servant of the deceased.

It must be presumed that the jury found, as there is evidence to show, that this order was given by Blake, a yard master, and not a fellow-servant of the deceased.

However this may be, the accident would not have happened had not a car been off the track. The defective and dangerous condition of this car, which appellant undertook to move, resulted in the death of the intestate. The obligation of appellant to use reasonable diligence to have the machinery, appliances, tools and premises with and on which its servants work, in a safe condition, is one that can not be delegated. Wood on Master and Servant, Sec. 453; Hines Lumber Co. v. Ligas, 1st Dist. Ill. App.; opinion filed January 21, 1897.

We regard the declaration as sufficient to sustain the verdict, and find no error as to receiving or rejecting evidence, or in instructions given or refused, warranting a reversal of the judgment of the court below.

The judgment of the Circuit Court is affirmed.