## Illinois Central R. R. Co. v. John McNicholas.

1. EVIDENCE—*Of Acts Which Are Not, as a Matter of Law, Negligent, Admissible.*—Where the rules of a railroad company provide that during periods of fog, a headlight on the engine should be kept constantly burning, evidence of a failure to have the headlight burning at a time when the fog was dense and an employe is sent by his superior officer to make an inspection that might in the absence of due care for his safety, in the operation of its trains by the company, be attended with peril to him, is competent and of a very important character, but such fact does not amount to negligence as a matter of law.

2. NEGLIGENCE—*When a Question of Law and When of Fact.*—It is only when the conclusion of negligence necessarily results from the statement of fact, that the court can be called upon to say to the jury that a fact establishes negligence as a matter of law, and that if the conclusion of negligence under the fact stated, may or may not result, or depends upon other circumstances, the question is one of fact for the jury.

3. SAME—*Where the Evidence on Material Facts is Conflicting.*—Where the evidence on material facts is conflicting, or where on undisputed facts fair-minded men of ordinary intelligence may differ as

to the inferences to be drawn from it, or where on a conceded state of facts, a different conclusion may reasonably be reached by different minds, negligence is a question of fact.

4. Same—*Where It May Become a Question of Law.*—Negligence may become a question of law where, from the facts admitted or conclusively proved, there is no reasonable chance of different reasonable minds reaching different conclusions. It may also become a question of law if a single material fact is conclusively shown or uncontradicted, the existence or non-existence of which is conclusive of a right of recovery.

Trespass on the Case, for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. Abner Smith, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1900. Reversed and remanded. Opinion filed November 1, 1901.

Statement.—This was an action for personal injuries brought by the plaintiff, John McNicholas, against the Illinois Central Railroad Company, which resulted, upon a trial, in a verdict and judgment for $1,000. Appellee, on the 31st of December, 1896, was employed as a section man and track walker of this railroad company, his work being between Ninety-fifth street and One Hundred and Third street, in the city of Chicago. At this point there are a number of tracks running in a generally north and south direction. Track No. 1 is used exclusively for south-bound suburban trains, running at very frequent intervals; track No. 2 for trains of a like character north-bound; track No. 3 for through south-bound trains, and track No. 4 for through north-bound trains. No trains run on track No. 1 except those south-bound, and a similar rule was followed as to the other tracks named.

The duties of the plaintiff were to start each morning from Ninety-fifth street and inspect these tracks, together with all switches and frogs and appurtenances of every character, as far south as One Hundred and Third street. To do this he generally walked south between tracks No. 1 and 2, examining rails, bolts, etc., on these two tracks. On his way back he walked between tracks No. 3 and 4, performing a like duty. He carried with him tools for the purpose of repairing any minor defects, such as a loose bolt or spike or defect of that character, and it was his duty in

addition to inspecting to make all such repairs as he was able to do.

On the morning in question he was told by his section foreman (who had the power to hire and discharge the men under him) to get the name and number of a certain frog which had recently been put in, connecting track No. 1 with a switch in this territory. The morning was very foggy, and it was impossible to see objects except at a short distance. The evidence shows that an engine and train of cars could probably not have been seen at a distance over 200 feet, and that an engineer on a train could only see a person on the track at very much less distance. The plaintiff was unable to read or write, and he requested another employe named Olwell, to accompany him and write down on a piece of paper the name and number of this frog. The frog was located upon the east rail of the west track—track No. 1. The plaintiff had been performing the duties of a track walker, inspector, repairer and other like duties for a number of years. He was perfectly familiar with the tracks, and with the fact that trains run south-bound on track No. 1 every few minutes. On the way to the place where the frog was located he was cautioned by Olwell to be careful about trains, on account of the fog. Upon arriving at the place where the frog was located neither of them observed that the inscription was both upon the inside and outside of the rail, but the plaintiff got down between the two rails of track No. 1 on his hands and knees, with his back toward the north, the direction from which all trains would approach, to read the inscription on the inside of the rail. Olwell on the contrary stood facing north so that he was able to see a train approaching as far as the fog would permit. In from half a minute to a minute after the plaintiff had placed himself in this position, a regularly scheduled suburban train, running practically on time, or perhaps a minute or two late, was seen approaching by Olwell, who immediately sounded the alarm and jumped out of the way. The engineer and fireman almost at the same time observed

plaintiff in his position of danger down between these tracks on his hands and knees with his back toward the north and sounded a succession of alarm whistles, at the same time ringing the engine bell. Immediately, also, the engineer applied all possible brakes and brought the train to a stop as soon as possible. Plaintiff made a jump, but failed to get off in time and was struck, and injured, resulting in the loss of his right hand, and in some other injuries of a lighter nature.

A rule of the railroad company provided that during periods of fog the headlight on the engine, even during daylight hours, should be kept constantly burning. The plaintiff was injured about ten o'clock in the forenoon.

W. A. Howett, attorney for appellant; John G. Drennan, of counsel.

Charles H. Mitchell, attorney for appellee.

Mr. Justice Shepard delivered the opinion of the court.

Under the circumstances disclosed by the evidence the questions whether the defendant was guilty of negligence in the operation of its train, and whether the plaintiff was guilty of contributing to the injury received by him, because of his manner of performing the duty he was engaged in, were for the jury to determine. All these matters were determined by the jury on evidence that was in all controlling respects, essentially conflicting, and if there were no substantial error of law committed in the trial the verdict should not be disturbed.

As to errors of law, the appellant lays particular stress upon two of the plaintiff's instructions, which were given, as to what facts constituted negligence.

These instructions were as follows:

" 2. If you believe from all the evidence that the defendant ran its engine and train toward and upon the plaintiff while he was at work for it, if he was, upon its track, without having the headlight of such engine lighted at the time, and that at the time the track was obscured by a dense or heavy fog, and also if you believe from all the evidence

that the defendant should under all the circumstances shown in evidence in the case as a measure of ordinary care in order to protect the plaintiff from unreasonably great risk of injury, if the same was unreasonably great, have lighted the headlight, then the defendant was guilty of negligence in failing to light the same, if it did fail to light the same.

"3.   If you believe from all the evidence that the defendant ran its engine and train forward and upon the plaintiff while he was working for it, if he was, upon its track, and in so doing, if it did, it failed to give him reasonably sufficient and timely warning of the approach of the same and in the exercise of ordinary care on its part to afford him reasonable protection from injury by said engine and train it ought to have been given him such warning and failed to do so, then you are instructed that the defendant was guilty of negligence."

Whether or not the headlight was lighted and burning at the time of the accident was a subject about which the evidence was in direct conflict, with a probable preponderance in favor of the defendant, in numbers of witnesses and their opportunities of knowing. The fact was, clearly, not so certainly established as that different and reasonable men might not reasonably differ about it.

The failure to have the headlight burning at a time when the fog was dense, and when the plaintiff had been sent out by his superior officer to make an inspection that might, in the absence of due care for his safety in the operation of the trains by the defendant, be attended with peril to him, was competent evidence of a very important character, but it did not amount to negligence, as a matter of law. The ultimate fact of negligence or no negligence would still have been a subject about which fair and reasonable-minded jurors might legitimately differ in their conclusions, upon a consideration of all the evidence in the case.

And what we have said applies equally to the third instruction concerning the failure by defendant to give reasonably sufficient and timely warning to plaintiff of the approach of the train. These were all questions of fact to be decided on evidence that was conflicting. As said in Chicago and Iowa R. R. Co. v. Lane, 130 Ill. 116:

"It is only when the conclusion of negligence necessarily results from the statement of fact, that the court can be called upon to say to the jury that a fact establishes negligence as a matter of law, and that if the conclusion of negligence, under the fact stated, may or may not result, or shall depend on other circumstances, the question is one of fact for the jury."

Again in Wabash Ry. Co. v. Brown, 152 Ill. 484, Mr. Justice Phillips states the rule to be:

"Where the evidence on material facts is conflicting, or where on undisputed facts fair-minded men of ordinary intelligence may differ as to the inferences to be drawn, or where on even a conceded state of facts a different conclusion would reasonably be reached by different minds, in all such cases negligence is a question of fact.    *    *    * With all the facts considered, if there is a reasonable chance of conclusions differing thereon, then it is a question for a jury.

Negligence may become a question of law, where from the facts admitted or conclusively proved there is no reasonable chance of different reasonable minds reaching different conclusions. It may also become a question of law if a single material fact is conlusively shown or uncontradicted, the existence or non-existence of which is conclusive of a right of recovery." See also C. & E. I. R. R. Co. v. Driscoll, 70 Ill. App. 91

The verdict was a reasonable one under the facts shown by the record, if any recovery is permissible to appellee, but in view of the erroneous instructions referred to, the judgment will have to be reversed. Reversed and remanded.